IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**BRADLEY DEATON and**      **PLAINTIFFS**
**RAYMOND HATTEN**

v.      CASE NO. 2:23-CV-00120-BSM

**UNITED STATES OF AMERICA**      **DEFENDANT**

### ORDER

The United States' motion to compel responses from Jantran Inc. and Bradley Deaton [Doc. No. 43] is granted in part and denied in part. Deaton's motion to Quash [Doc. No. 50] is denied. Raymond Hatten's motion to extend the discovery deadline [Doc. No. 45] is granted and the discovery deadline is extended to April 15, 2025.

### I. JANTRAN

Jantran is ordered to provide the United States with three optional dates on which it can inspect the vessel before the discovery deadline. Once there is an agreement on an inspection date, Jantran must tell the United States, one week prior to the agreed upon inspection date, where the vessel will be docked on the date of inspection.

The motion to compel a response to Interrogatory number 3 is denied because Jantran states it has provided the United States with the logs containing the requested information, including the information of the one individual no longer employed.

The motion to compel a response to Interrogatory number 7 is granted because, from the briefing, it appears Jantran's response to this interrogatory is not responsive. The United States asked "What happened to those lock lines after the Incident, including but not limited

to whether the lock line(s) was (were) retained for potential litigation; tested or inspected; discarded; repurposed for some other use; or reused as lock line(s) ?" In Jantran's response to the motion to compel, it represents that it "does not have the lines in question." That does not answer the question posed. Jantran is therefore compelled to provide an answer to "what happened ... to the lock lines?"

The motion to compel a response to Interrogatory number 10 is granted and Jantran is ordered to provide the phone number and carrier information for the personal phone of the relief captain.

The motion to compel a response to Interrogatory number 16 is denied because Jantran represents that no one made notes, videos, photographs, images, or recordings on the day of the accident.

The motion to compel responses to Interrogatory numbers 19–22 is denied.

The motion to compel responses to Request for Production numbers 1–3 is denied because Jantran states that no such documents exist.

The motion to compel a response to Request for Production number 11 is granted and Jantran must produce any "any invoices, charter orders, lease contracts, bills of sale, tramp records or agreements, dedicated tow leases or charters to third-party customers or towing companies, term leases, or bills of lading that refer to or concern any of the six barges in the 'first cut' of barges during the Incident."

The motion to compel a response to Request for Production number 13 is granted and Jantran must produce the personnel, human resources, and administrative files for Jared

Walker and Douglas Farmer.

The motion to compel a response to Request for Production number 14 is granted and Jantran must produce the call records from the two phones that would have been inside the wheelhouse of the John T. Janoush.

The motion to compel a response to Request for Production number 18 is granted and Jantran must produce a list of all of its social media followers, and all social media users that Jantran follows.

The motion to compel a response to Request for Production number 19 is granted in part and Jantran must produce messages, photos, and videos sent or received between Jantran and Deaton from two months prior to the accident until one month after.

The motion to compel a response to Request for Production number 25 is granted. This is a standard discovery request and is appropriate.

The motion to compel a response to Request for Production number 27 is denied because Jantran states that it has produced all documents responsive to this request.

The motion to compel a response to Request for Production number 33 is denied because Jantran states that no such documents exist.

The motion to compel a response to Request for Production number 38 is denied because Jantran states that it has produced all documents responsive to this request.

The motion to compel a response to Request for Production number 39 is denied because Jantran states that no such documents exist.

## II. BRADLEY DEATON

The motion to compel responses to Request for Production numbers 34–35 is denied.

The motion to compel the production of Deaton's expert witnesses is granted; however, the United States is required to pay the witness fees and expenses. Moreover, it appears that the fees and expenses requested by the experts are reasonable. Invoices, Doc. No. 47-9.

As a final note, discovery is exceptionally important in the dispute resolution process and I typically take discovery abuses very seriously. When a party represents that it does not have information or documents responsive to a request, I take those responses at face value. Violations of my trust, however, may be met with strong sanctions.

IT IS SO ORDERED this 4th day of March, 2025.

*Brian S. Miller*
UNITED STATES DISTRICT JUDGE